## Esther F. Falkenau, Appellee, v. Dr. N. J. Smedley, Appellant.

### Gen. No. 21,213.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. James C. Martin, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed June 19, 1916.

### Statement of the Case.

Action by Esther F. Falkenau, plaintiff, against Dr. N. J. Smedley, defendant, on a promissory note. From judgment for $531.02 in favor of plaintiff, defendant appeals.

It appeared from the evidence that plaintiff was the owner of a series of notes aggregating $8,800, which were secured by a mortgage on certain lands in the State of Michigan. The statement of claim set up a written contract between the parties whereby the defendant, in consideration of the extension of the time of payment on one of the notes, assumed and agreed to pay said note, the interest on all of the notes outstanding and the taxes for the year 1913 on the mortgaged lands.

The defendant filed an affidavit of merits, and a statement of set-off for $1,110. The plaintiff then filed an affidavit of merits to the defendant's statement of set-off. Afterwards, on motion of the plaintiff, the defendant's affidavit of merits and statement of set-off were stricken from the files, and the defendant was given leave to file an amended affidavit of merits and statement of set-off within ten days. The defendant afterwards filed an amended affidavit of merits, which was also stricken from the files on motion of the plaintiff. At the same time the court denied the motion of the defendant for leave to file an amended statement

of set-off, and judgment by default was entered against the defendant for the amount of plaintiff's claim.

The items set forth in the amended statement of set-off were as follows: Keep, care and feed of one horse on farm six months, $30 per month, $180; care and feed of one collie dog on farm six months, $15 per month, $90; storage of wine, eight months, $30 per month, $240; use of part of house and storage of furniture, six months, $100 per month, $600; total $1,110.

Defendant contended that his amended affidavit of merits alleged facts which constituted a defense to plaintiff's claim. It set up that defendant was a mere guarantor of the payment of the several sums specified in the contract sued on, and that the plaintiff had made no effort to collect from the principal debtors, or realize the amounts due out of the security, which was more than sufficient to pay the amount remaining unpaid. The contract stated that "Dr. N. J. Smedley hereby assumes and agrees to pay" the several sums therein mentioned.

ARTHUR L. BALLAS, for appellant.

JESSE LOWENHAUPT and CHARLES LEVITON, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 800*—*when questions not properly preserved for review.* A contention that the trial court erred in striking a statement of set-off from the files is not properly preserved for review where the motion to strike the statement from the files and the order of court entered thereon are not contained in the bill of exceptions.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 1687*—*when error in striking statement of set-off from files waived.* Where, after defendant's statement of set-off is stricken from the files on plaintiff's motion, defendant does not elect to stand by his statement, but asks for and is given leave to file an amended statement, any error in striking the statement is waived.

3. APPEAL AND ERROR, § 1362*—*when refusal to allow filing of amended pleading not abuse of discretion.* Where leave was given to file an amended statement of set-off within ten days and it was not filed until the sixteenth day and no excuse offered for failure to file it in the time set, the refusal of the court to grant a motion to file it instanter is not an abuse of discretion.

4. SET-OFF AND RECOUPMENT, § 8*—*what proper matter for set-off.* In order for a claim to be proper matter for set-off, it must have arisen out of the contract sued upon by the plaintiff or if it arises out of a separate transaction, it must be for liquidated damages.

5. SET-OFF AND RECOUPMENT, § 8*—*when claim not proper one for set-off.* Statement of set-off examined and *held* not to set up a claim arising out of the contract sued upon by the plaintiff nor to be for liquidated damages.

6. SET-OFF AND RECOUPMENT, § 6*—*when claim for services under implied contract not ground for set-off.* A claim for services rendered under an implied contract is not proper to be allowed as set-off, where it does not arise out of the claim sued on by plaintiff.

7. PLEADING, § 153*—*when defense not set up by affidavit of merits.* Affidavit of merits examined and *held* not to allege facts constituting a defense to plaintiff's claim.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.